```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


UBISOFT ENTERTAINMENT, S.A. AND  )
UBISOFT, INC.,                   )
                                 )
          Plaintiffs,            )
                                 )
                                 )
     v.                          )  No. 1:23-cv-14536
                                 )
                                 )
THE INDIVIDUALS, CORPORATIONS,   )
LIMITED LIABILITY COMPANIES,     )
PARTNERSHIPS, AND                )
UNINCORPORATED ASSOCIATIONS      )
IDENTIFIED ON SCHEDULE A HERETO  )
                                 )
          Defendants.            )
```

Order

This action alleges that the more than 250 defendants named in the complaint violated the Lanham Act and the Illinois Uniform Deceptive Trade Practices by selling counterfeit goods via a host of online marketplaces. As is common in such cases, I granted plaintiffs' *ex parte* restraining order, including a temporary injunction and temporary asset restraint, and I authorized expedited discovery and service of process by mail and/or electronic publication. Following the issuance of summons, defendant YWMAN moved for dismissal on various grounds, one of which is dispositive: that I lack personal jurisdiction.

YWMAN asserts, and offers a declaration to substantiate, that it has not sold any accused products in Illinois, and that there is otherwise no basis for personal jurisdiction. Plaintiffs do not offer any contrary evidence as to YWMAN's sales, but they argue that specific personal jurisdiction is appropriate because YWMAN stood ready to conduct business with Illinois residents, pointing to a screenshot suggesting that accused products were available for purchase and shipment to Illinois through its interactive websites.[1] But even crediting this evidence, that is not enough to support personal jurisdiction under the law of this circuit. *See Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) ("Even accepting Rubik's premise that the screenshot shows that an order **could** be placed by an Illinoisan, displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois. That alone cannot confer personal

---

[1] Plaintiffs argue that I have general jurisdiction over YWMAN, but their argument confuses the question of subject matter jurisdiction—which no one disputes I may exercise here—with general personal jurisdiction. The latter requires that a defendant be "at home" in the forum, which plainly is not the case as to YWMAN, which plaintiffs do not dispute is a Chinese entity with no office, agent, employees, telephone listing, or bank account in Illinois.

2

jurisdiction.") (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website ... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.") (emphases and alterations in *Rubik's Brand*). Accordingly, YWMAN's motion to dismiss is granted.

                                                **ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

                                         **Elaine E. Bucklo**
                                         United States District Judge

Dated: February 8, 2024